

U.S. Department of Justice

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*　　　*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*
March 31, 2021

Samuel B. Goldberg, Esq.
68 Howard Street Extension
Salem, MA 01970

Tracy A. Miner, Esq.
101 Federal Street, Suite 650
Boston, MA 02110

    Re:   United States v. Brian R. Walshe
             Criminal No. 18-10399-DPW

Dear Counsel:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Brian R. Walshe ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    Change of Plea

    No later than April 1, 2021, Defendant will plead guilty to the following counts of the Indictment: wire fraud, in violation of 18 U.S.C. § 1343 (Count One); interstate transportation for a scheme to defraud, in violation of 18 U.S.C. § 2314 (Count Two); and unlawful monetary transaction, in violation of 18 U.S.C. § 1957 (Count Four). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

    The United States Attorney agrees to dismiss Count Three, possession of converted goods, in violation of 18 U.S.C. § 2315, at sentencing.

    2.    Penalties

    Defendant faces the following maximum penalties on Count One of the Indictment charging wire fraud: incarceration for 20 years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture.

    Defendant faces the following maximum penalties on Counts Two of the Indictment

charging interstate transportation of scheme to defraud: incarceration for 10 years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture.

Defendant faces the following maximum penalties on Count Four of the Indictment charging an unlawful monetary transaction: incarceration for 10 years; supervised release for three years; a fine of $250,000, or twice the value of the property involved, whichever is greater; a mandatory special assessment of $100; and forfeiture.

Defendant understands that, if he is not a United States citizen, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 19:

    a) Defendant's offense level is determined for the underlying offense from which laundered funds were derived, which is wire fraud (USSG § 2S1.1(a)(1));

    b) Defendant's base offense level is 7, because the maximum penalty for Count One (wire fraud) is a term of imprisonment of 20 years or more (USSG § 2B1.1(a)(1));

    c) Defendant's offense level is increased by 12 levels, because the loss was $475,000, consisting of $240,000 for the purchase of two Shadow Paintings by Victim #2, $40,000 for the sale of the Dollar Sign, $50,000, which is owned to Victim #1, and $145,000, which is owed to Victim #3 (USSG § 2B1.1(b)(1)(G));

    d) Defendant's offense level is increased by two levels, because a substantial part of the fraudulent scheme was committed from outside the United States (USSG § 2B1.1(b)(10(B));

    e) Defendant's offense level is increased by one level, because Defendant was convicted under 18 U.S.C. § 1957; and

    f) Defendant's offense level is decreased by three levels, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration at the low end of the Guidelines sentencing range as calculated by the parties;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution of $195,000, two Shadow Paintings by Andy Warhol bearing Warhol Foundation Nos. PA65.049 and PA65.032, and one Dollar Sign by Andy Warhol; and

f) forfeiture as set forth in Paragraph 5.

Defendant agrees to entry of an order requiring payment of restitution of $50,000 to Victim #1, an order requiring payment of restitution of $145,000 to Victim #3, and an order requiring payment of the value of the three paintings described in paragraph 4(e) above to Victim #2. The Defendant agrees that the value of the three paintings shall be determined solely by their last third party sale, i.e., $240,000 for the two Shadow Paintings and $40,000 for the Dollar Sign. The United States agrees that should the Defendant, or a third-party, return the two Shadow Paintings described in paragraph 4(e) to the FBI no later than 24 hours prior to sentencing, the United States shall ask the Court to delay entry of restitution for a period of 90 days pursuant to 18 U.S.C. § 3664(d)(5) and shall then request an amount of restitution consistent with the return of those paintings and 18 USC 3663A(b).

5. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

  a. Two Shadow Paintings by Andy Warhol, Warhol Foundation Nos. PA65.049 and PA65.032;

  b. $225,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense and they were involved in Defendant's offense.

Defendant also admits that $225,000 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the defendant derived from the offense and the amount of money involved in Defendant's offense.

Pursuant to 28 C.F.R. Part 9, the United States Attorney's Office for the District of Massachusetts agrees to submit a restoration request to the Money Laundering and Asset Recovery Section of the Department of Justice, seeking approval for any assets forfeited in satisfaction of the forfeiture money judgment to be restored back to the victims in this case, which may, in turn, satisfy in full or in part any restitution order. The Defendant acknowledges that the Attorney General, or his designee, has the sole discretion to approve or deny the restoration request.

The United States desires to return restitution to the Defendant's victims as quickly and expeditiously as possible. To that extent, the United States agrees to credit an Order of Forfeiture (Money Judgment) by any amount of restitution paid directly to the Clerk of Court prior to or within seven business day of the entry of judgment and for the $75,000 of third party funds currently held by the Clerk for bail, once transferred to the clerk for payment after bail is exonerated.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents the amount of proceeds that the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the

value of the forfeiture money judgment.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

6. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would

give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Timothy E. Moran.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: /s/ Glenn A. MacKinlay
GLENN A. MACKINLAY
Chief, Organized Crime and Gang Unit

TIMOTHY MORAN
Digitally signed by TIMOTHY MORAN
Date: 2021.03.31 16:56:25 -04'00'

Timothy E. Moran
Kunal Pasricha
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I received an offer by letter dated December 14, 2020, which I rejected.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
BRIAN R. WALSHE
Defendant

Date: 4.1.21

I certify that Brian R. Walshe has read this Agreement and that we have discussed what it means. I believe Brian R. Walshe understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that, in addition to this offer, the U.S. Attorney extended an offer dated December 14, 2020, and that I fully discussed that offer with Defendant before Defendant rejected it.

_____
Samuel B. Goldberg
Tracy A. Miner
Attorneys for Defendant

Date: 4.1.21