UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Cr. No. 18-10399-DPW-1 |
| ) | |
| BRIAN R. WALSHE,   ) | |
|     Defendant   ) | |

## STATUS REPORT OF THE UNITED STATES

The government submits the following report of its ongoing efforts to enforce a forfeiture order for the *Shadow* Paintings [dkt. no. 97.1]. The government previously filed status reports on October 7, 2021, and December 10, 2021. The government believes that it has learned the location of the Paintings, which are outside the jurisdiction of the United States.

As disclosed in previous filings, the government had located an intermediary buyer of a Painting [hereinafter, Buyer #4].[1] Separately, the week before the sentencing hearing, the defendant informed the government that he had sold the Paintings to a gallery in New York, which had gone bankrupt.

With these two pieces of information, the FBI and U.S. Attorney's Office were able to investigate the fate of the Paintings from one end (the now bankrupt art gallery) and from the middle (Buyer #4). The government obtained records from the bankruptcy trustee for the gallery showing that it had sold the Paintings in 2011 to Buyer #1. An FBI agent in Los Angeles with expertise in art crimes conducted interviews of the subsequent buyers and learned the following, in sum. Buyer #1 bought both of them from the gallery, about ten years ago. Buyer #1 sold both Paintings to Buyer #2. In or about January 2012, Buyer #2 sold one Painting to Buyer #3; Buyer

---

[1] The government knows the names of the buyers and has interviewed them. Because they appear to be otherwise uninvolved in the criminal case, for the sake of their privacy, the government does not name them here.

#2 sold the other to Buyer #4.  Buyer #4 sold his Painting to Buyer #5.  Buyer #5 sold that Painting to Buyer #3, thus reuniting the pair.  The U.S. Attorney's Office spoke to the attorney for Buyer #3, who revealed that Buyer #3 sold one Painting to India and the other, through his wife's gallery, to another buyer outside the country.  Accordingly, the government has concluded that the *Shadow* Paintings are now outside the United States.

With regard to the Dollar Sign, the government learned that the defendant sold it through Christie's.  As part of its response to the grand jury's original subpoena, upon the government's request, Christie's provided the identity of that buyer, Buyer #6.  The FBI interviewed Buyer #6, who sold it through Christie's in 2013.  However, the Dollar Sign is not the subject of a forfeiture order, so the government presently cannot seize it pursuant to 18 U.S.C. § 981(b) and/or 28 U.S.C. § 2461(c) incorporating 21 U.S.C. § 853(f).  Similarly, the government presently lacks the authority to issue process regarding the subsequent sale.

The government believes that the trail has come to an end with regard to the *Shadows* Paintings.  While it may be possible for the government to serve process by Mutual Legal Assistance Treaty, such a process would be long, difficult and not certain of success.  Even if it could locate the Paintings overseas and effect seizure, the current owners, who would be at least five or six transactions removed from the original sale by the defendant, would have excellent good faith owner defenses, rendering the prospects of a successful forfeiture action very poor.  Finally, there is a more expedient source of restitution for Victim #2, which is payment by the defendant – as the parties' Plea Agreement contemplates.

        Respectfully submitted,

        RACHAEL S. ROLLINS
        UNITED STATES ATTORNEY

   By:  s/ Timothy E. Moran
        TIMOTHY E. MORAN
        KUNAL PASRICHA
        CAROL HEAD
        Assistant U.S. Attorneys


## CERTIFICATE OF SERVICE

 I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


        s/ Timothy E. Moran
        TIMOTHY E. MORAN

Date: June 6, 2022