UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>      v.                                                )        Criminal No. 18-CR-10399-DPW<br> )<br>BRIAN R. WALSHE,                        )<br>           Defendant.                         ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOODLOCK, S.D.J.**

WHEREAS, on October 31, 2018, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment charging Brian R. Walshe (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count One); Interstate Transportation For a Scheme to Defraud, in violation of 18 U.S.C. § 2314 (Count Two); Possession of Converted Goods, in violation of 18 U.S.C. § 2315 (Count Three); and Unlawful Monetary Transaction, in violation of 18 U.S.C. § 1957 (Count Four);

WHEREAS, the Indictment included a Fraud Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Three of the Indictment, of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses;

WHEREAS, the property to be forfeited included, but was not limited to, the following:

(a)   $80,000, to be entered in the form of a forfeiture money judgment; and

(b)   Two Shadow Paintings by Andy Warhol, Warhol Foundation Nos. PA65.049 and PA65.032;

WHEREAS, the Indictment also included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek

the forfeiture, upon conviction of the Defendant of the offense alleged in Count Four of the Indictment, of any property, real or personal, involved in such offense, and any property traceable to such property;

WHEREAS, the property to be forfeited included, but was not limited to, the following:

(a) $80,000, to be entered in the form of a forfeiture money judgment;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p), up to the value of such assets described above;

WHEREAS, on April 1, 2021, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One, Two, and Four of the Indictment, pursuant to a written plea agreement signed by the Defendant on April 1, 2021;[1]

WHEREAS, in Section 7 of the written plea agreement, the Defendant agreed that the Court will, upon acceptance of the Defendant's guilty plea, enter orders of forfeiture as part of the Defendant's sentence, and that the orders may include assets directly traceable to the Defendant's offenses, assets used to facilitate the Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the

---

[1] Pursuant to the terms of the written plea agreement, the United States agreed to dismiss Count Three of the Indictment at the Defendant's sentencing.

offenses;

WHEREAS, the assets to be forfeited specifically included, without limitation, the following:

    a.    Two Shadow Paintings by Andy Warhol, Warhol Foundation Nos. PA65.049 and PA65.032 (the "Paintings");[2] and

    b.    $225,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment) (the "Money Judgment");

WHEREAS, the Defendant also admitted that $225,000 is subject to forfeiture on the grounds that it represents the amount of proceeds that the Defendant obtained (directly or indirectly), and/or facilitating property, and/or property involved in, the crimes to which the Defendant is pleading guilty, and the Defendant agreed to consent to the entry of an order of forfeiture (money judgment) in the amount of $225,000;[3]

WHEREAS. based on the Defendant's admissions in the written plea agreement and his guilty plea on April 1, 2021, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $225,000 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), and 28 U.S.C. § 2461(c), as the amount of $225,000 constitutes proceeds the Defendant obtained as a result of violations of 18 U.S.C. §§ 1343, 2314, and 1957; and

---

[2] The Paintings have not yet been recovered, and therefore, are not in Federal custody.

[3] The Defendant also admitted that the Paintings are subject to forfeiture on the grounds that they constituted, or were derived from, proceeds of the Defendant's offenses they were involved in the Defendant's offenses, and the Defendant agreed to consent t the entry of an order of forfeiture against the Paintings. The United States has separately requested the Court issue a Preliminary Order of Forfeiture for the Paintings.

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment," and Rule 32.2(4)(A), based on the Defendant's consent, this Order becomes final upon entry.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $225,000, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
Senior United States District Judge

Date: *June 10, 2022*