UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Criminal No. 18-CR-10399 - WGY |
| v. | ) ) |  |
| BRIAN R. WALSHE,<br>            Defendant | ) ) ) |  |

DEFENDANT BRIAN WALSHE'S SUPPLEMENTAL
MEMORANDUM IN AID OF SENTENCING

Approximately two and a half years ago, on October 8, 2021, Judge Woodlock determined on the basis of the sentencing memoranda and Presentence Report before him that a sentence of time served with three years of supervised release was the appropriate sentence for Brian Walshe's conviction for art fraud. Defendant Walshe respectfully asks this Court to impose that sentence on him now.

PROCEDURAL HISTORY RE: SENTENCING

On October 8, 2021, Judge Woodlock indicated his intent to sentence Brian Walshe to time served, but delayed the imposition of that sentence in light of developments brought to the attention of the Court by the Finance Department. (Docket #112). The concern raised by the Finance Department resulted from a phone call from the Hingham Savings Bank stating that it may have issued a bank Treasury Check to Brian Walshe without Mr. Walshe's having sufficient funds in his account to cover the check. Judge Woodlock placed Mr. Walshe on home

confinement as a condition of release and ordered the Government to investigate whether Mr. Walshe engaged in any wrongdoing with respect to obtaining the bank check.

Several months later, on June 9, 2022, the Government informed Judge Woodlock that Mr. Walshe was blameless with respect to obtaining the Treasurer's Check in that he did have sufficient funds to cover the check at the time he obtained it.[1]

Unfortunately, that did not end the matter. In the meantime, the Government continued to investigate various issues relating to Mr. Walshe focusing on his personal financial statement submitted to Probation on April 21, 2021. The most serious allegation, and the only one remaining before this Court, is whether Mr. Walshe obstructed justice by failing to disclose on his financial statement assets he received and disposed of while he served as the personal representative of his father's estate in 2018. If he did, as the Government contends, two points would be added to his Sentencing Guidelines calculations pursuant to §3C1.1 for obstructing or impeding the administration of justice. Judge Woodlock found that an evidentiary hearing on the issue would be necessary and indicated that the defendant could depose witnesses in advance of that hearing. The Court also ordered the defendant to file an amended financial statement with the information relating to the estate and including information relating to his wife's assets and expenditures. No date was set for the amended filing. (Docket #139).

In October of 2022, Mr. Walshe informed the Probate Court that he was in the process of giving a full account of the money he received and expended as personal representative and would file an accounting as soon as it was complete. (Stipulation ¶5). Before he could gather all of the necessary information, some of which would require subpoenas, his wife went missing and he was subsequently arrested and held without bail. On October 7, 2023, the new Personal

---

[1] This makes sense as banks typically do not issue bank treasury checks without confirming the availability of funds to cover it.

2

Representative of Mr. Walshe's father's estate moved to dismiss without prejudice the petition to require Mr. Walshe to render an account, which was allowed by the Probate Court on November 7, 2023.  (Stipulation ¶6).

On January 8, 2023, Mr. Walshe was arrested on state court charges relating to the disappearance of his wife Ana.  On January 9th, a federal detainer was issued for Mr. Walshe. He was subsequently charged with the murder of his wife in state court and is being held without bail.

Mr. Walshe to this day lacks the needed information to file an accounting of his father's estate's assets and to accurately file a financial statement listing all assets and transfers of his wife, Ana.  He is therefore not in a position to file those documents with this Court.  Rather than request additional time and judicial process to obtain the necessary documents, given the pending state court charges against him, on the advice of counsel, Mr. Walshe hereby invokes his fifth amendment privilege with respect to providing any additional financial statements to this Court.

This case was transferred to this session of the Court on July 13, 2023 (Docket #156).  In their very first status report, the parties informed the Court that they intended to try to resolve the matter without the need for further evidentiary hearings.  (Docket #'s 158, 159).  The parties negotiated in good faith and agreed that the only remaining issue for sentencing was whether Mr. Walshe committed obstruction of justice by failing to disclose the funds he received and expended when he acted as the personal representative of his father's estate.  The parties stipulated to facts with respect to that issue and agreed that the Court could decide the obstruction issue as a matter of law on those facts.

ARGUMENT

Mr. Walshe's failure to include any assets he received as personal representative of his father's estate or expenditures made on behalf of his father's estate on his personal financial statement does not constitute obstruction of justice. As stipulated by the parties, Mr. Walshe received those assets in his representative capacity. (Stipulation ¶2). They did not belong to him personally. As of the date he signed his personal financial statement, April 21, 2021, Mr. Walshe had been removed as personal representative and had no expectation of receiving any inheritance from the estate. (Stipulation ¶4). Therefore, there were no assets or expected assets for him to disclose with respect to his father's estate.

The bulk of his father's estate consisted of real estate. Mr. Walse did not sell any real estate held by the estate while acting as personal representative. (Stipulation ¶3). The successor personal representative had all of the rights Brian Walshe had with respect to the real estate. Brian Walshe did receive funds from a bank account and from an estate sale of his father's personal belongings that he had access to and did have expenses relating to the estate, such as transporting his father's remains from India and repairing flood damage to his house. (Stipulation ¶5). To the extent Brian Walshe ultimately may have owed money to the estate, that amount was never determined and therefore was not subject to disclosure on his personal financial statement.

Even if Mr. Walshe were required to disclose a potential future liability to his father's estate on his personal financial statement, there is no evidence that Mr. Walshe <u>willfully</u> obstructed or impeded the administration of justice by his omission, which the Government is required to prove in order for the 2 point obstruction of justice enhancement to apply under the Sentencing Guidelines. (USSG §3C1.1). Mr. Walshe entered into a plea agreement with the

4

Government prior to filing his financial statement wherein the Government agreed to recommend restitution, forfeiture and a fine within the sentencing guidelines range.  Mr. Walshe never argued against these recommendations at his sentencing hearing and never suggested that he receive any downward departure with respect to the fine based on his inability to pay.  Indeed, by disclosing a contingent obligation to his father' estate, Mr. Walshe would have worsened his financial condition, not bettered it.  He therefore did not seek or obtain any benefit in sentencing as a result of the omission of those details on his personal statement.

      Indeed, Mr. Walshe's actions showed his intent to meet all of his financial obligations in connection with his sentencing  The bank treasury check that caused the delay in  his sentencing in the first place was in fact a payment Mr. Walsh made towards his restitution obligation in advance of a restitution order.  He literally emptied out (but not overdrew) his personal bank account to put the funds he had towards restitution.  He also caused his mother to agree that the $75,000 she put up as bail go towards restitution.  Rather than obstructing justice in an attempt to avoid paying, Mr. Walshe did everything he could in order to further the interests of justice in obtaining full restitution to his victims.

      As the Application Note to USSG 83C1.1 notes:

> This provision is not intended to punish a defendant for the exercise of a constitutional right.  A defendant's denial of guilty (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer … is not a basis for application of this provision.

(Application Note 2).  Therefore, neither Mr. Walshe's invocation of his fifth amendment privilege in response to the  Court's order to provide an updated personal statement and financial

accounting of his father's estate nor his failure to provide information to probation on his financial statement in 2021 can be the basis for a finding of an enhancement for obstruction of justice under the Sentencing Guidelines.

## CONCLUSION

Absent an obstruction of justice enhancement, Mr. Walshe stands in the same position as he was in before Judge Woodlock two and a half years ago with respect to his sentencing on the offenses of conviction. Therefore, defendant Walshe submits that he should be sentenced to the sentence Judge Woodlock announced and would have imposed before the potential obstruction of justice issue arose: time served plus three years of supervised release.

Should the Court determine that Mr. Walshe did obstruct justice and that a sentence of imprisonment is warranted, defendant Walshe respectfully requests that the Court order that it be served concurrently with any state sentence to be imposed should be convicted of any crime in the state court and that the Court reduce it by the thirteen months Mr. Walshe has been held in state custody thus far. The parties agree that even though there has been a federal detainer in effect since January 9, 2023, the only way to ensure that Mr. Walshe receives credit for this time

towards any incarcerative sentence this Court should impose is for the Court to deduct it from its sentence up front.

Dated: February 16, 2024 	Respectfully submitted,

	BRIAN R. WALSHE

	By his attorney,


	*/s/ Tracy A. Miner*
	Tracy A. Miner (BBO No. 547137)
	Miner Siddall LLP
	101 Federal Street, Suite 650
	Boston, MA 02110
	Tel.: (617) 202-5890
	tminer@msdefenders.com


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF on counsel for the government on February 16, 2024.

	*/s/ Tracy A. Miner*
	Tracy A. Miner