# United States Court of Appeals
## For the First Circuit

No. 24-1219

UNITED STATES,

Appellee,

v.

BRIAN R. WALSHE,

Defendant - Appellant.

Before

Barron, <u>Chief Judge</u>,
Kayatta and Gelpí, <u>Circuit Judges</u>.

**JUDGMENT**

Entered: August 11, 2025

    Defendant Brian R. Walshe was charged with one count of wire fraud in violation of 18 U.S.C. § 1343; one count of interstate transportation for a scheme to defraud in violation of 18 U.S.C. § 2314; one count of possession of converted goods in violation of 18 U.S.C. § 2315; and one count of an unlawful monetary transaction in violation of 18 U.S.C. § 1957. He pleaded guilty to counts one, two, and four, pursuant to a plea agreement, and was sentenced to 37 months of imprisonment for all counts to be served concurrently.

    Defendant claims error in the imposition of a two-level enhancement for obstruction of justice under USSG §3C1.1. He also claims for the first time that the district court committed error by not sufficiently explaining the basis for the enhancement. Defendant avers that these assignments of error warrant vacatur of the sentence and remand for resentencing. The government has moved for summary affirmance of the judgment and defendant has responded.

    After careful review of the parties' submissions and the district court record, we grant the government's motion for summary affirmance.

    In essence, defendant contends that he did not make false statements when listing assets and obligations as part of the presentence report investigation. Defendant adds that any omission

of his father's estate's assets in his representative capacity was not made willfully instead of by mistake. Defendant also argues that any omissions were not material.

The district court's fact-finding is reviewed for clear error and "its interpretation and application of the obstruction of justice enhancement" undergoes de novo review. United States v. Rivera-Nazario, 68 F.4th 653, 660 (1st Cir. 2023). "The government must prove the applicability of [the obstruction of justice] enhancement by a preponderance of the evidence." United States v. Nygren, 933 F.3d 76, 82 (1st Cir. 2019) (quoting United States v. Quirion, 714 F.3d 77, 79 (1st Cir. 2013)). "The facts undergirding an enhancement need not be established by direct evidence but, rather, may be inferred from circumstantial evidence." United States v. Burgos-Figueroa, 778 F.3d 319, 320 (1st Cir. 2015).

Application Note 4 to USSG §3C1.1 sets out a non-exhaustive list of conduct covered by the obstruction of justice enhancement. This court has noted that "the application notes make pellucid that obstruction of justice is capacious enough to encompass a broad swathe of conduct." Nygren, 933 F.3d at 84. In this case, the district court was persuaded by the arguments that defendant's conduct fit within Application Note 4(H)'s example, i.e., "[p]roviding materially false information to a probation officer in respect to a presentence or other investigation for the court." USSG §3C1.1,comment.(n.4(H)). The probation officer maintained the enhancement was correctly applied because the instructions on the financial forms required defendant to describe fully his financial resources and defendant did not comply.

"We apply a clear error standard of review to the sentencing court's factfinding — a standard that extends to any findings based on inferences drawn from discerned facts." United States v. Montañez-Quiñones, 911 F.3d 59, 66 (1st Cir. 2018). This standard of review "is an inhospitable" one for appellants and no clear error will be found unless "upon whole-record-review, an inquiring court 'form[s] a strong, unyielding belief that a mistake has been made.'" United States v. Fitzpatrick, 67 F.4th 497, 502 (1st Cir. 2023) (quoting United States v. Cintrón-Echautegui, 604 F.3d 1, 6 (1st Cir. 2010)). Nothing in the record evinces clear error in the court's decision to apply the enhancement. The court stated for the record that it had considered all of the information submitted by the parties. In this case, this included the PSR and its addenda, the stipulations of the parties, and a plethora of sentencing memoranda.

As to defendant's claim on appeal that the court's explanation was insufficient, the government contends that this claim was waived. Defendant did not address this contention. In addition to an explicit affirmation that abandons a right, this court has made clear "that, 'when the "subject matter [is] unmistakably on the table, and the defense's silence is reasonably understood only as signifying agreement that there was nothing objectionable," the issue is waived on appeal.'" United States v. Corbett, 870 F.3d 21, 30–31 (1st Cir. 2017) (quoting United States v. Soto, 799 F.3d 68, 96 (1st Cir. 2015)). Defendant had the opportunity to request the court to provide a more fulsome explanation but chose to hold his silence.

Moreover, this silence is compounded by the opening brief's lack of discussion of the plain error standard, and by the decision not to refute the government's argument that the issue was unpreserved. "[A]s legal sophisticates know, a party's 'failure to attempt to meet the four-part burden under plain error review constitutes waiver.'" United States v. Rivera-Carrasquillo, 933

F.3d 33, 56 (1st Cir. 2019) (quoting United States v. Severino-Pacheco, 911 F.3d 14, 20 (1st Cir. 2018)); see United States v. Rosario-Merced, 109 F.4th 77, 82 (1st Cir. 2024) ("because Rosario has not addressed the plain-error standard in his brief, his claim is waived"). Under these circumstances, no further discussion on this particular argument is necessary.

Lastly, defendant argues that his case is an opportunity for this court to decide whether the obstruction enhancement requires a showing of specific intent. The question of specific intent was not raised below; but, even if properly before this court, we are unpersuaded this case warrants treatment different from other similar cases. See e.g., Rivera-Nazario, 68 F.4th at 661–62 (declining to address whether courts "must make a particularized finding that a defendant had a specific intent to obstruct justice to impose a § 3C1.1 enhancement" where the record supports the enhancement); United States v. González-Santillan, 107 F.4th 12, 18 (1st Cir. 2024) (citing to Rivera-Nazario, 68 F.4th at 661-62) (declining to address whether the government must prove defendant knew conduct would obstruct judicial proceedings because the record supported the enhancement).

Accordingly, the sentence is summarily affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Tracy A. Miner
Megan Anne Siddall
Carol Elisabeth Head
Timothy E. Moran
Donald Campbell Lockhart
Kunal Pasricha
Philip Mallard